#

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---

**CAROLYN S. SMITH**
237 Buford Street
Raceland, LA 70394

        Plaintiff,

vs.

        Case No. _____

**THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA**
Registered Agent:
Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

**KINDER MORGAN, INC.**
Registered Agent:
Kinder Morgan, Inc.
Attn: Human Resources Department
1001 Louisiana Street, Suite 1000
Houston, Texas 77002-5089

and

**EL PASO CORPORATION RETIREE BENEFITS PLAN**
Registered Agent:
Kinder Morgan, Inc.
Attn: Human Resources Department
1001 Louisiana Street, Suite 1000
Houston, Texas 77002-5089

        Defendants.

---

# COMPLAINT

---

The Plaintiff, Carolyn S. Smith, by her attorneys, for her complaint against the above-named Defendants, hereby states as follows:

#                      1

## INTRODUCTION

1. Plaintiff brings this action for breach of fiduciary duty and wrongful denial of benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"), against the fiduciaries responsible for management and administration of an employee welfare life insurance benefit plan, a component plan of the El Paso Corporation Retiree Benefits Plan.

2. Plaintiff brings this action for the legal and equitable relief to which she is entitled as a beneficiary of the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(b) and (a)(3).

## PARTIES

3. Plaintiff is an adult resident of the State of Louisiana and currently resides in Raceland, Louisiana. She is the widow of Thomas Smith. Mr. Smith was employed by Defendant, Kinder Morgan, Inc., as a diesel mechanic. Mr. Smith designated Plaintiff as the beneficiary of his life insurance which was offered through the plan.

4. Defendant Kinder Morgan, Inc., on information and belief, is a corporation organized under the laws of the state of Delaware, licensed to do business in Louisiana and is the plan administrator of the Plan.

5. Defendant The Prudential Life Insurance Company of America ("Prudential"), on information and belief is a corporation organized under the laws of the state of New Jersey, licensed to do business in Louisiana and is the claims administrator of the Plan.

6. Defendant El Paso Corporation Retiree Benefits Plan ("The Plan"), on information and belief, is an employee welfare benefit plan subject to ERISA.

## JURISDICTION & VENUE

7. Jurisdiction over this action is conferred upon this court because the claims herein

arise under ERISA.

8. Venue is proper in the Eastern District of Louisiana pursuant to ERISA § 502(e)(2) (29 U.S.C. 1132(e)(2)) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

## FACTS

9. Mr. Smith was employed at Kinder Morgan until his medical conditions forced him to cease working in 1986.

10. During the course of Mr. Smith's employment with Kinder Morgan and continuing into his retirement, he became eligible for certain employee benefits, including the life insurance benefits provided by the Plan.

11. On January 20, 2010, Mr. Smith designated Plaintiff as the primary beneficiary to receive the proceeds of the Plan.

12. Mr. Smith passed away on February 8, 2016.

13. On April 25, 2016, Kinder Morgan sent Plaintiff a letter confirming she was the beneficiary of Mr. Smith's life insurance benefits and alleging these benefits to be worth $3,846.16 but offered no explanation for its calculation of these benefits.

14. Prudential paid $3,846.16 for this claim to Plaintiff on May 24, 2016 but failed to offer an explanation for its calculation of benefits.

15. On May 24, 2017, Plaintiff requested via letter a complete copy of the Plan Document governing Mr. Smith's life insurance benefits from Prudential. Prudential failed to respond to that letter.

16. Plaintiff sent Prudential a second copy of her May 24, 2017 letter on January 17,

and also requested a copy of the file for this claim.

17. Prudential provided Plaintiff a copy of what it asserted to be the complete claim file and Plan Document. Still, these documents failed to substantiate that Mr. Smith's life insurance proceeds were worth only $3,846.16.

18. Plaintiff sent a letter to Prudential dated March 1, 2018 requesting documentation supporting the amount Prudential paid for this claim. Because she received no response, Plaintiff sent a second and third copy of this letter to Prudential on May 8, 2018 and on February 13, 2019.

19. On March 4, 2019, Prudential informed Plaintiff via telephone that Kinder Morgan informed Prudential that the life insurance proceeds were worth only $3,846.16 and that Prudential had no documentation to substantiate this amount. Plaintiff memorialized this conversation via letter to Prudential dated March 12, 2019.

20. In response, Prudential sent Plaintiff a letter dated March 15, 2019 enclosing a copy of what it purported to be Mr. Smith's claim file, which included a Prudential Group Insurance Certificate entitled Kinder Morgan, Inc. Employee Term Life Coverage Plan.

21. This Prudential Group Insurance Certificate states that Mr. Smith's life insurance benefits shall be 200% of his annual earnings (subject to an age-based discount based) and that the minimum benefit amount is $25,000.

22. In light of this, Plaintiff sent a letter to Prudential dated April 30, 2019 requesting it remit payment for the claim's full amount to total no less than $25,000 and noting that if she did not receive a response from Prudential by May 10, 2019, she would pursue legal action.

23. To date, Prudential has failed to respond to Plaintiff's April 30, 2019 letter and has failed to provide any explanation or documentation to substantiate its payment of $3,846.16.

24. On May 2, 2019, Kinder Morgan contacted Plaintiff via telephone to inform her

that Mr. Smith's life insurance benefit amount was incorrectly reported to Prudential and that it believed the correct benefit amount to be $5,000, not $3,846.16. Kinder Morgan did not provide any explanation nor documentation to support its calculation of this amount.

25. Further, on or around April 3, 2019, Plaintiff received a copy of the Plan from Kinder Morgan. The Plan was accompanied by a Prudential Group Insurance Certificate entitled Kinder Morgan, Inc. Retirees Employee Term Life Coverage Basic and Optional Plans. Notwithstanding that insurance certificate lists Prudential as the insurer, the Plan names ReliaStar as the provider of life insurance coverage.

26. This Prudential Group Insurance Certificate states that Mr. Smith's life insurance benefits shall be the amount for which he was insured on the date of retirement, as reported to Prudential by Kinder Morgan, subject to the Limited Percent (for that Age) for which he would then be insured if there were no limitation. For individuals over the age of 70 but below the age of 75, the Limited Percent is 45.

27. To date, neither Prudential nor Kinder Morgan, Inc. have provided an explanation in accordance with the terms of the Plan for the life insurance benefits paid to Plaintiff.

28. The life insurance benefits paid to Plaintiff are not in accordance with the terms of the Plan.

## COUNT I
### Wrongful Denial of Benefits
### (29 U.S.C. § 1132(a)(1)(B))

29. The preceding paragraphs are reincorporated by reference as though set forth here in full.

30. As Mr. Smith's beneficiary, Plaintiff was entitled to receive benefits under the Plan.

31. Defendants wrongfully, arbitrarily and capriciously denied life insurance benefits

due to Plaintiff.

32. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

33. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

34. For these and other reasons, Plaintiff is entitled to life insurance benefits pursuant to Section 502(a)(1)(B) of ERISA due to Defendants' wrongful denial of Plaintiff's claim for said benefits.

## COUNT II
### Breach of Fiduciary Duty
### (29 U.S.C. § 1104(a))

35. The preceding paragraphs are reincorporated by reference as though set forth herein full.

36. At all times material to this Complaint, Defendants acted in the capacity of a "fiduciary" of the Plan within the meaning of 29 U.S.C. § 1102(21) with respect to Plaintiff, as a beneficiary of the Plan.

37. Defendants were aware that Plaintiff was an intended beneficiary under the Plan.

38. Defendants had a fiduciary duty to administer the Plan solely in the interest of participants and beneficiaries; to convey complete and accurate information to participants regarding Plan benefits; and to exercise care, skill, prudence, diligence, and loyalty in their work.

39. Defendants failed to discharge duties they owed to Plaintiff as a fiduciary of the Plan by:

    a. Failing to administer the Plan in the best interests of their participants and beneficiaries including Mr. Smith and Plaintiff; and

    b. Failing to provide accurate and complete information about the benefits available to Mr. Smith and/or Plaintiff under the Plan.

    c. Failing to respond to Plaintiff's multiple requests for information about the Plan and her rights under the same.

40. As a direct and proximate result of Defendants' failure to discharge their duties as fiduciaries of the Plan, Plaintiff has been harmed by being deprived of access to Plan information and the benefit arising from Mr. Smith's life insurance coverage.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment from Defendants for the following:

A. A declaration of Plaintiff's eligibility for, and an order for the payment of, life insurance benefits owed to Plaintiff under the terms and conditions of the Plan, with interest, pursuant to ERISA Section 502(a)(1)(B);

B. Statutory penalties pursuant to 29 U.S.C. § 1132;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: May 20, 2019

**THE WANKO LAW FIRM , LLC**

By:    /D.Steven Wanko, Jr._____
Daniel Steven Wanko, Jr., LSBA 27677
Email: steve@wankolawfirm.com
19295 N. Third St., Suite 1
Covington, Louisiana 70433
Telephone: (985) 893-6530

*Attorneys for Plaintiff, Carolyn Smith*